UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY LUCKAU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUNRUN INC., et al.,<br><br>　　　　Defendants. | Case No. 25-cv-01661-JST<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING RE: DEFENDANTS' MOTION TO DISMISS; ORDER VACATING HEARING**<br><br>Re: ECF No. 42 |

　　　　Before the Court is a motion to dismiss brought by Defendants Sunrun Inc. and Clean Energy Experts, LLC ("CEE"). ECF No. 42. The Court has reviewed the parties' written arguments and, for the reasons discussed below, is inclined to find that Plaintiff Jeremy Luckau lacks standing to pursue his second claim for relief, for violation of 47 C.F.R. § 64.1200(d)(4).

　　　　Luckau alleges that he registered his phone number on the National Do Not Call Registry and that CEE, which is owned by Sunrun, made unsolicited calls to that number. ECF No. 29 ¶¶ 19–27, 55. Two voicemail messages said:

> Hello this is Christine with Solar America responding to your request for information on solar energy for your home. We needed a brief moment to verify the information that you submitted, and we'll try to reach you again shortly or feel free to call us back at 1-800-680-8554. Again, that number is 1-800-680-8554. We look forward to speaking with you.

*Id.* ¶ 24. Luckau contends that these messages violated 47 U.S.C. § 64.1200(d)(4), one of the regulations promulgated under the Telephone Consumer Protection Act of 1991 ("TCPA"), because the caller identified the entity as "Solar America," instead of CEE. He also asserts, in his first claim for relief that Defendants do not challenge in their motion to dismiss, that CEE "violated 47 C.F.R. § 64.1200(a)(1)-(2) by using a prerecorded or artificial voice without consent

or an emergency purpose when leaving a voicemail with Luckau and members of the Prerecorded Voice Class." ECF No. 29 ¶ 98. He does not assert a claim under 47 C.F.R. § 64.1200(c)(2), which prohibits calls to numbers on the National Do Not Call Registry.

Defendants argue that Luckau lacks Article III standing for his second claim because he has not sufficiently alleged an injury, in part because, according to Defendants, Luckau's wife consented to the calls. However, "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients," and alleging receipt of such calls or messages is sufficient to allege an injury in fact. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017). In addition, "[e]xpress consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof." *Id.* at 1044. Thus, as in *Van Patten*, a plaintiff may "allege[] a concrete injury in fact sufficient to confer Article III standing" even if a court later concludes that the plaintiff "consented to receiving the text messages" and "did not expressly revoke his consent." *Id.* at 1043–44; *see also Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 990–91 (9th Cir. 2023) ("Determining whether . . . consent was provided requires an analysis of the merits of [the plaintiff's] TCPA claim, and has no bearing on the question of Article III standing." (citation modified)). Luckau has sufficiently alleged a concrete injury, and whether his wife consented to the calls goes to the merits of the case rather than to Article III standing.

But this does not end the Court's standing inquiry. Standing also requires "a causal connection between the injury and the conduct complained of." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In other words, the injury must be "fairly traceable to the challenged conduct of the defendant." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). And "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). The Court must therefore consider whether Luckau's alleged injury is fairly traceable to Defendants' alleged violation of Section 64.1200(d)(4).[1]

---

[1] Defendants do not challenge the third standing requirement, that "the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423. The Court finds redressability to be

     Neither party considers that the requirement to identify "the name of the person or entity on whose behalf the call is being made," 47 C.F.R. § 64.1200(d)(4), is part of the TCPA's requirement to maintain an internal do-not-call list.  Section 64.1200(d) provides, "No person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity."  47 C.F.R. § 64.1200(d).  The identification requirement is one of the "minimum standards" that the instituted procedures must satisfy.  *Id.*

     Luckau does not allege that he ever requested to be placed on Defendants' internal do-not-call list.  He therefore appears to lack standing to assert a claim for violation of Section 64.1200(d)(4) because "even if Defendants had complied with the TCPA and maintained an internal do-not-call list [that complied with all of the regulatory requirements], their compliance would not have prevented a call to [Luckau] because he would not have been on that list." *Perrong v. S. Bay Energy Corp.*, No. 2:20-cv-5781-JDW, 2021 WL 1387506, at *3 (E.D. Pa. Apr. 13, 2021); *see also Thompson v. Vintage Stock, Inc.*, No. 4:23-cv-00042-SRC, 2024 WL 492052, at *7 (E.D. Mo. Feb. 8, 2024), *reconsideration granted on other grounds*, 2024 WL 1636705 (E.D. Mo. Apr. 16, 2024) (finding no standing where the plaintiffs did not "allege in their complaint that they asked Vintage Stock to place them on its internal do-not-call list, or even that they asked Vintage Stock not to contact them" because, "even if Vintage Stock had done everything the Thompsons complain it failed to do," the plaintiffs "would have suffered the exact same harm"); *Doane v. Benefytt Techs., Inc.*, Civ. Action No. 22-10510-FDS, 2023 WL 2465628, at *7 (D. Mass. Mar. 10, 2023) (finding no standing where the plaintiff alleged he asked to be placed on an internal do-not-call list but failed to allege that he received any calls from the defendant after that date).

     Some courts have held to the contrary and concluded that a plaintiff has standing to assert violations of Section 64.1200(d)(4) even if they did not request to be placed on an internal do-not-

---

satisfied because Luckau seeks, and the TCPA allows for, statutory damages under 47 U.S.C. § 227(c)(5)(B).

3

1    call list.  One court reasoned that it would not "make sense" to require "that a stop request . . . be
2    made before a violation of subsection (d) can be found" because "forcing sellers to identify
3    themselves ensures that a subscriber has the information needed to make a stop request."  *Dawson*
4    *v. Porch.com*, No. 2:20-cv-00604-RSL, 2024 WL 4765159, at *8 (W.D. Wash. Nov. 13, 2024).
5    Another court similarly noted:

> if a telemarketing text message lacked any identifying information (and thus violated Section 64.1200(d)(4)), the recipient would be unable to figure out how to opt out of receiving future messages, and all the while the mysterious telemarketer could continue bombarding the consumer with spam texts with no fear of legal reprisal.  Such a holding would thwart Section 64.1200(d)(4), which is meant to aid consumers in stopping unwanted telemarketing calls and texts.

10   *Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1184–85 (D. Utah 2021).  This reasoning has some
11   appeal, but the Court cannot square it with the requirement that the alleged harm be fairly
12   traceable to the alleged conduct.  Luckau's alleged harm stems from receiving unsolicited phone
13   calls.  As the *Perrong* court concluded, that harm might be traceable to a different section of the
14   TCPA, 64.1200(c)(2), which bars calls to numbers listed on the National Do Not Call Registry,
15   but it cannot be traced to Section 64.1200(d).  2021 WL 1387506, at *3.  Moreover, Luckau
16   alleges that the messages included a company name and phone number, so this is not a case where
17   alleged noncompliance with Section 64.1200(d)(4) would have left him unable to determine how
18   to make a stop request.  Although Luckau alleges that the company name was a trade name, he
19   does not allege that he attempted to call the number to opt out and was unable to do so.
20   Additionally, he alleges that the phone number in the voicemail message is the phone number on
21   Sunrun's website "that consumers should call . . . if they 'do not want to receive marketing phone
22   calls from [Sunrun].'"  ECF No. 29 ¶ 53 (quoting Sunrun Privacy Policy).
23        For these reasons, the Court is inclined to conclude that Luckau lacks Article III standing
24   to pursue his second claim, for violation of 47 C.F.R. § 64.1200(d).  Because the parties' briefing
25   did not analyze traceability in the above manner and did not address some of the authority cited
26   above,[2] the Court will provide them with an opportunity to respond.  *Cf. Summers v. Earth Island*

---

[2] The parties cited *Dawson* and *Robison*, but only on the question of whether a private right of action exists to enforce Section 64.1200(d)(4).  *See* ECF No. 46 at 17 n.11, 20 (Luckau's

*Inst.*, 555 U.S. 488, 499 (2009) (noting that courts have "an independent obligation to assure that standing exists").  Luckau shall file a supplemental opposition brief by July 14, 2025, that also discusses what allegations, if any, Luckau would add to the complaint if the Court were to dismiss his second claim for lack of standing with leave to amend.  Defendants shall file a supplemental reply brief by July 28, 2025.  Unless otherwise ordered, the matter will then be taken under submission without oral argument.  The July 10, 2025 motion hearing is vacated.

**IT IS SO ORDERED.**

Dated: June 30, 2025



_____
JON S. TIGAR
United States District Judge

---

opposition); ECF No. 47 at 6, 11–14, 14 n.4 (Defendants' reply, misspelling *Robison* as "*Robinson*" in places).  The Court will address that question in a subsequent order if it concludes that Luckau has standing.