UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY LUCKAU,<br><br>        Plaintiff,<br><br>    v.<br><br>SUNRUN, INC, et al.,<br><br>        Defendants. | Case No. 25-cv-01661-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 42 |

Before the Court is a motion to dismiss brought by Defendants Sunrun Inc. and Clean Energy Experts, LLC. ECF No. 42. Defendants seek to dismiss Plaintiff Jeremy Luckau's second claim for relief for violation of 47 C.F.R. § 64.1200(d)(4), a regulation promulgated under the Telephone Consumer Protection Act of 1991 ("TCPA").

The Court previously held that Luckau sufficiently alleged a concrete injury—receiving unsolicited telemarking phone calls—but stated the Court's inclination to dismiss the challenged claim on grounds that the alleged injury was not fairly traceable to Defendants' alleged violation of Section 64.1200(d)(4). ECF No. 48 at 2–4; *see Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (explaining that standing requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision"). The Court explained:

> Neither party considers that the requirement to identify "the name of the person or entity on whose behalf the call is being made," 47 C.F.R. § 64.1200(d)(4), is part of the TCPA's requirement to maintain an internal do-not-call list. Section 64.1200(d) provides, "No person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). The identification requirement

> is one of the "minimum standards" that the instituted procedures must satisfy. *Id.*
>
> Luckau does not allege that he ever requested to be placed on Defendants' internal do-not-call list. He therefore appears to lack standing to assert a claim for violation of Section 64.1200(d)(4) because "even if Defendants had complied with the TCPA and maintained an internal do-not-call list [that complied with all of the regulatory requirements], their compliance would not have prevented a call to [Luckau] because he would not have been on that list." *Perrong v. S. Bay Energy Corp.*, No. 2:20-cv-5781-JDW, 2021 WL 1387506, at *3 (E.D. Pa. Apr. 13, 2021) . . . .
>
> . . . . Luckau's alleged harm stems from receiving unsolicited phone calls. As the *Perrong* court concluded, that harm might be traceable to a different section of the TCPA, 64.1200(c)(2), which bars calls to numbers listed on the National Do Not Call Registry, but it cannot be traced to Section 64.1200(d).

ECF No. 48 at 3–4 (alterations in original). "Because the parties' briefing did not analyze traceability in the above manner and did not address some of the authority cited" by the Court, the Court allowed the parties an opportunity to file supplemental briefing. *Id.* at 4–5. The parties timely filed supplemental briefs. ECF Nos. 50, 52.

Having reviewed the parties' additional arguments, the Court continues to conclude that Luckau lacks standing to make a claim under Section 64.1200(d)(4).[1] Luckau's additional arguments are not persuasive. First, Luckau argues, "Courts have recognized at least five" "concrete injuries that are independent of any stop request or future calls": "(1) Inability to pre-select to whom the consumer wishes to speak, (2) Inability to evaluate the content and veracity of the message, (3) Inability to determine the purpose of the call, (4) Inability to possibly make a do not call request, and (5) Inability to monitor compliance with the law." ECF No. 50 at 2. However, with one exception, the authorities cited to support that argument did not discuss whether any of the listed wrongs constitutes an Article III injury. *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 377 (4th Cir. 2013) (discussing government interests in determining constitutionality of the TCPA); *FTC v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 855 (10th Cir. 2003) (same, as to FTC's rule creating a national do-not-call list); *Nat'l Fed'n of the Blind v. FTC*, 420 F.3d 331, 342–43 (4th Cir. 2005) (same, following *Mainstream Mktg.*). The exception

---

[1] The Court therefore does not address the parties' arguments regarding whether a private right of action exists to enforce this section.

2

is *Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1185 (D. Utah 2021), the reasoning of which the Court considered and rejected in its prior order. ECF No. 48 at 4. Moreover, Luckau has not persuaded the Court that the allegations in this case implicate the above issues, even if any of them constituted Article III injuries in fact. Luckau alleges that the messages included a company name and phone number, which he alleges is the number Sunrun instructs consumers to call if they want to opt out from marketing calls, and the messages also indicated that the call was "responding to your request for information on solar energy for your home." ECF No. 29 ¶¶ 24, 53. As the Court previously observed, "this is not a case where alleged noncompliance with Section 64.1200(d)(4) would have left [Luckau] unable to determine how to make a stop request." ECF No. 48 at 4.

Second, Luckau argues that the cases relied on by the Court in its prior order are distinguishable because those cases alleged violations of Section 64.1200(d)(1)–(3), whereas he alleges a violation of Section 64.1200(d)(4). Relatedly, he argues that Section 64.1200(d)(4) "is not merely a subsidiary detail of the company-specific do-not-call regime; it is an alternative, standalone protection Congress envisioned." ECF No. 50 at 5. Luckau is correct that the cases cited by the Court did not consider standing under Section 64.1200(d)(4), though one court did consider an overarching claim, encompassing all of Section 64.1200(d). *See Thompson v. Vintage Stock, Inc.*, No. 4:23-cv-00042-SRC, 2024 WL 492052, at *7 (E.D. Mo. Feb. 8, 2024), *reconsideration granted on other grounds*, 2024 WL 1636705 (E.D. Mo. Apr. 16, 2024) (finding no standing for claims that the defendant failed to "(1) institute procedures for maintaining a list of persons who request not to be called [Section 64.1200(d)]; (2) have a written policy, available upon demand, for maintaining a do-not-call list [Section 64.1200(d)(1)]; and (3) train and inform its personnel engaged in any aspect of telemarketing of the existence and use of the do-not-call list [Section 64.1200(d)(2)]" (citation modified)); *Doane v. Benefytt Techs., Inc.*, Civ. Action No. 22-10510-FDS, 2023 WL 2465628, at *7 & n.2 (D. Mass. Mar. 10, 2023) (finding no standing for claims under Sections 64.1200(d)(1) and (d)(3), and noting that the defendant did not move to dismiss for lack of standing the plaintiff's claim under Section 64.1200(d)(4)); *Perrong*, 2021 WL 1387506, at *2–3 (E.D. Pa. Apr. 13, 2021) (finding no standing for claim under Section 64.1200(d)(1)). But even if, as Luckau asserts, Congress might have envisioned some separate

3

"standalone protection" for caller identification requirements, Luckau brought a claim under Section 64.1200(d)(4)—a requirement that applies only as part of an entity's minimum procedures for maintaining an internal do-not-call list. The TCPA's structure differs from the state laws that Luckau attempts to analogize, which Luckau contends include "disclosure requirements [that] are *completely separate* from the requirement that telemarketers maintain an internal do not call list." ECF No. 50 at 4 (emphasis added). Here, the disclosure requirement relied on by Luckau is part of the procedural requirements for maintaining an internal do-not-call list, not a standalone requirement, and the Court does not find Luckau's injury to be fairly traceable to the alleged violation of Section 64.1200(d)(4).

The Court instructed Luckau to discuss in his supplemental brief "what allegations, if any, [he] would add to the complaint if the Court were to dismiss his second claim for lack of standing for leave to amend." ECF No. 48 at 5. Luckau states that he would add allegations that Defendants' conduct "prevented [him] from determining the purpose of the call, evaluating the content and truthfulness of the message, and deciding whether it was somebody he wished to call back." ECF No. 50 at 2–3. As discussed above, Luckau has not persuaded the Court that these additions would sufficiently allege Article III standing given the facts of this case. The Court therefore denies leave to amend.

For the above reasons, and those included in the Court's prior order, the Court grants Defendants' motion to dismiss Luckau's second claim for relief without leave to amend.

**IT IS SO ORDERED.**

Dated: September 30, 2025

_____
JON S. TIGAR
United States District Judge

4