UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY LUCKAU,<br><br>        Plaintiff,<br><br>        v.<br><br>SUNRUN, INC, et al.,<br><br>        Defendants. | Case No.  25-cv-01661-JST   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 87 |

Defendants have a motion to bifurcate pending before Judge Tigar.  ECF No. 76. "Through the Motion, Defendants seek a bifurcation of individual and class discovery with all discovery relating to the putative class, including third-party class discovery, stayed pending resolution of Defendants' forthcoming motion for summary judgment as to Plaintiff's sole remaining claim." *Id*.  As of this writing Judge Tigar hasn't ruled on the motion yet.  But in discovery, Defendants are acting like the mere filing of that motion automatically caused the requested stay to go into effect.  In response to Plaintiff's discovery requests concerning class discovery, Defendants repeatedly assert that each request "is premature in that it seeks class-wide information, and no response is required unless and until the Court rules on Defendants' pending motion to bifurcate discovery."

That is wrong.  A motion is a *request* for *the Court* to do something.  *See* Fed. R. Civ. Proc. 7(b)(1) ("A request for a court order must be made by motion.").  Litigants can't grant themselves relief just by asking for it.  All of Defendants' objections based on their pending motion are therefore **OVERRLUED**.  If Judge Tigar grants the motion to bifurcate, then Defendants will have obtained the relief they seek.  But until then, they haven't obtained it, and

they can't grant it to themselves.

**IT IS SO ORDERED.**

Dated: June 2, 2026

THOMAS S. HIXSON
United States Magistrate Judge

2